UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

SAMUEL RATLEY,

        Plaintiff,                  **COMPLAINT**
v.                                     **JURY TRIAL DEMANDED**

CITY OF TROY, DOMINICK COMITALE,      Index No.:  1:16-CV-0650 (MAD/DJS)
Troy police officer, BRANDON CIPPERLY,
Troy police officer,

        Defendants.
_____

The Plaintiff, Samuel Ratley, by and through his attorney, Jessica M. Gorman, complains and alleges of the Defendants as follows:

## INTRODUCTION

1. This action seeks redress for the deprivation by Defendants, acting under color of law, of rights guaranteed to the Plaintiff under the United States Constitution and federal law. The Defendants deprived the Plaintiff of these guaranteed rights when they unlawfully stopped, assaulted, falsely arrested, and maliciously prosecuted him.

## JURISDICTION

2. This action is brought pursuant to 42 U.S.C. § 1983.  This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1343, and 2201 because it is brought to seek relief and/or damages for the deprivation, under color of state law, of the rights guaranteed by the Constitution of the United States and federal law.  This Court also has jurisdiction over the state law claims in this action pursuant to 28 U.S.C. § 1367.

3. Pursuant to New York State General Municipal Law Article 4, the Plaintiff timely filed a Notice of Claim, more than thirty days have elapsed since the service of the Notice,

1

payment has been neglected or refused, and the state law claims are brought within one year and ninety days of the events upon which they are based.

4. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because the events giving rise to the claims herein occurred in this judicial district.

## PARTIES

5. Plaintiff SAMUEL RATLEY is a citizen of the United States and currently resides in Rensselaer County, New York.

6. Defendant CITY OF TROY is a municipal corporation duly incorporated under the laws of the State of New York, and was at all times relevant hereto the employer and/or principal of the Defendants and responsible for the operation of the police department and its employees. The principal place of business of the City is 433 River Street, Troy, New York 12180.

7. Defendant DOMINICK COMITALE was and remains employed as a police officer with the City of Troy Police Department, with his principal place of business being the Troy Police Department, 55 State Street Troy, New York 12180. Claims against Defendant Comitale are asserted in his individual capacity.

8. BRANDON CIPPERLY was and remains employed as a police officer with the City of Troy Police Department, with his principal place of business being the Troy Police Department, 55 State Street Troy, New York 12180. Claims against Defendant Cipperly are asserted in his individual capacity.

9. At all times relevant herein, the individual Defendants acted in the scope of their authority as public servants for the City of Troy Police Department and the City of Troy.

10. At all times relevant herein, the individual Defendants acted under color of law, to wit, under the color of the Constitution, statutes, laws, rules, regulations, ordinances, charters, customs, policies, and usages of the State of New York and the City of Troy.

## FACTS

11. A little after 9:00 p.m. on August 8, 2013 Defendants Troy police officers Dominick Comitale and Brandon Cipperly went to 61 Ingalls Avenue in Troy, New York because loud music was coming from the home. When they arrived the residents apparently went into the house, shouted profanities, and slammed their door shut.

12. The Defendants then walked across the street to 62 Ingalls Avenue where Mr. Ratley and about five of his family and friends were sitting outside relaxing and enjoying the nice summer night. Mr. Ratley was sitting in the passenger seat of his car and the others were sitting in chairs next to him on the sidewalk.

13. Neither Mr. Ratley nor anyone with him was playing music, being noisy, or otherwise disturbing anyone. They were simply sitting outside enjoying each other's conversation. Officer Comitale nonetheless yelled that he better not hear any noise from them or have to come back out there. He also shouted profanities at them, telling them to "clean up their shit," and "get the fuck up" and clean up, though they had not made a mess.

14. They got up to go into the house and as Mr. Ratley stood Defendant Comitale grabbed him from behind and pulled his arm. Apparently, though unbeknownst to Mr. Ratley, Comitale decided to arrest him for violation of a local noise ordinance.

15. Defendant Comitale continued to pull at and push Mr. Ratley, eventually shoving his back against a building and repeatedly kneeing him in the head, face, and chest while yelling at him to "get the fuck on the ground." Mr. Ratley was unable to get on the ground because he was pinned and being kneed by Comitale.

16. Once Defendant Comitale finally let up a bit, Mr. Ratley got on the ground and was handcuffed, but Comitale continued his assault by pushing Mr. Ratley's face into the ground and kneeing him some more in the head.

17. Defendant Cipperly witnessed the incident at least to the point where Defendant Comitale tried to arrest Mr. Ratley and began using unnecessary force against him, but he made no effort whatsoever to intervene to protect him.

18. At some point, other officers arrived and Mr. Ratley was brought to the police station.

19. As a result of Defendant Comitale's assault, Mr. Ratley sustained several serious injuries including swelling and bruising of his left eye area, a swollen nose, significant swelling on the right side of his face, a jaw injury which rendered him unable to fully open his mouth, and a very large knot on his right shoulder.  In addition, the skin on several areas of his cheeks, eyelid, forehead, chin, head, and shoulder was scraped raw and bloody, as though it had been grated off.  Mr. Ratley also sustained a fractured thumb, and his wrists were cut from the handcuffs digging into his skin.

20. Because of his injuries, Mr. Ratley was unable to return to work for about a week after the assault.  To date he does not have full strength or function in his thumb.

21. Defendant Comitale charged Mr. Ratley with violating a local noise ordinance, claiming that he was blasting music from his car that could be heard from a block away.  However, as Comitale well knew, neither Mr. Ratley nor anyone with him was playing any music, loud or otherwise.

22. He also charged Mr. Ratley with violating a local open container ordinance, resisting arrest, and second degree assault on a police officer, a felony.

23. Although Defendant Comitale viciously and gratuitously beat Mr. Ratley, he claimed that Mr. Ratley assaulted him and injured his right ring finger. Upon information and belief, Defendant Comitale received paid time off for this alleged injury.

24. This was not the first time Defendant Comitale claimed that a person he arrested assaulted him and injured his right ring finger. In *Larkins v. City of Troy, et. al.* (1:13-cv-1442), he claimed to sustain the same injury during an incident with plaintiff, who he also charged with assault on an officer. Plaintiff was eventually acquitted of that charge.

25. On August 9, 2013, Mr. Ratley was arraigned and released on bail.

26. Later that evening, he was pulled over by the Troy Police at Ingalls Avenue and 8th Street. Officer Ralph Southworth gave Mr. Ratley two tickets for tinted car windows.

27. Two days later Mr. Ratley was pulled over again by the Troy Police, this time at Ingalls Avenue and Orr Street. Officer Kyle Jones gave him two tickets again for tinted windows and Officer Michael Harrington ticketed him for disobeying a traffic control device.

28. Prior to the incident with Defendant Comitale, Mr. Ratley had lived in the Capital Region for about three years, he drove the same car the whole time, and he had not received a single traffic ticket during this time. But in the three days after Defendant Comitale claimed he was assaulted, Troy police officers stopped Mr. Ratley twice and gave him five tickets.

29. Defendant Comitale completely fabricated the noise violation charge and neither he nor Defendant Cipperly had any basis to even approach Mr. Ratley, let alone to arrest or charge him with anything. Mr. Ratley, who is a working man with no criminal history, was nonetheless prosecuted for nearly two years.

30. During this time, he lived under a cloud of suspicion, fear, and humiliation while he endured court proceedings to defend himself against bogus criminal charges.

31. On May 8, 2015 a jury acquitted him of assaulting an officer, resisting arrest, and the noise violation. He was found guilty of having an open container.

32. This is not the first time that Defendants Comitale and Cipperly have been charged with violating the rights of citizens. In the past few years, several other successful lawsuits charging them with a variety of violations have been brought, including:

    a. *Lluberes and Gillette v. City of Troy, et. al.* (1:11-cv-1346): Defendant Cipperly and other officers were sued for a host of state and federal violations, including among others, unlawful seizure, excessive use of force, false arrest, and failure to intervene, for their actions against the plaintiffs in August and December 2010. Plaintiffs claimed that officer Cipperly and others unlawfully accosted them, then assaulted and falsely arrested and charged them.

    b. *Larkins v. City of Troy, et. al.* (1:13-cv-1442): Defendant Comitale and other officers were sued for excessive force, false arrest, malicious prosecution, and unlawful search and seizure, among other claims, for assaulting plaintiff, tasering and pepper spraying him in August 2011, then concocting false charges, including assault on an officer, and prosecuting him on those false charges.

    c. *Rowley v. City of Troy, et. al.* (Rensselaer County Supreme Court; Index No. 241361), officer Comitale and another officer were sued for assault, excessive use of force and false arrest. Plaintiff claimed that in October 2011, officer Comitale approached him outside near his home supposedly for holding an open container of beer, then assaulted him, arrested him, and falsely charged him with trespass, resisting arrest, and violation of the open container ordinance.

6

    d. *Davis v. City of Troy, et. al.* (1:14-cv-1247): Defendant Comitale and other police officers were charged with a host of state and federal violations, including, among others, excessive use of force, false arrest, false imprisonment, and malicious prosecution, for their actions arising from an incident in October 2013. In that case, plaintiff claimed that officers stopped him while crossing the street, then assaulted, arrested, and falsely charged him with improperly crossing the street in violation of a local ordinance, and resisting arrest.

33. Upon information and belief, Defendant Comitale has been under department investigation at least twice: for lying about property in the *Davis* case, and for videotaping a female patient in the hospital. He was suspended at least once.

34. In addition to these cases, the City of Troy has been sued numerous other times for the practices of its police officers, who have been charged with violating the rights of citizens:

    a. *Washington v. City of Troy, et. al.* (1:14-cv-799): Plaintiff claimed that officer Isaac Bertos aggressively approached him for standing outside with a beer in his hand on the Fourth of July, 2013, then tasered, arrested, and falsely charged and prosecuted him for resisting, assault on an officer, and an open container violation. Plaintiff sued for excessive force and malicious prosecution, among other claims.

    b. *Murphy v. Anderson, et. al.* (1:11-cv-473): Plaintiff claimed that Troy police officers falsely arrested him for trespass while he lawfully worked in a private home in August 2010, despite knowing that he was lawfully at the premises.

    c. *Johnson v. City of Troy, et. al.* (1:14-cv-817): Plaintiffs claimed that they and their two children were driving in December 2011 when they were stopped by

7

      Troy police officers, who pulled the driver out of the car, beat him, pulled the passenger out of the car, dragged her across the street, hit one of the children with a baton and handcuffed her, and yelled at the other child. The adult plaintiffs claimed they were arrested and prosecuted on false charges.

35. In addition, upon information and belief, the FBI has investigated the practices of the Troy Police Department, including officer Comitale, after receiving reports from citizens about rogue, violent, and unlawful conduct by officers.

## CAUSES OF ACTION

### AS AND FOR A FIRST CAUSE OF ACTION AGAINST DEFENDANTS COMITALE AND CIPPERLY
### Violation of Constitutional Rights Under Color of State Law
### Unlawful Seizure

36. The Plaintiff incorporates by reference and realleges each and every allegation as stated in paragraphs 1 to 35.

37. As heretofore described, Defendants Comitale and Cipperly knowingly and intentionally stopped and detained Mr. Ratley without reasonable suspicion, probable cause, or other legal basis.

38. This violated Mr. Ratley's Constitutional right to be free from unlawful searches and seizures and is also a violation of 42 U.S.C. § 1983.

39. As a direct and proximate result of the unconstitutional acts described above, the Plaintiff has been seriously injured.

### AS AND FOR A SECOND CAUSE OF ACTION AGAINST DEFENDANT COMITALE
### Violation of Constitutional Rights Under Color of State Law
### Excessive Use of Force

40. Plaintiff incorporates by reference and realleges each and every allegation as stated in paragraphs 1 to 39.

41. As heretofore described, Defendant Comitale used excessive force against Mr. Ratley when he pushed, pulled, and shoved him, kneed him repeatedly in the head, face, and chest, pushed his face into the ground, and handcuffed him so tightly that his wrists were cut. Defendant Comitale's actions were objectively unreasonable, and undertaken intentionally, willfully, maliciously, sadistically, and for the sole purpose of harming and punishing Mr. Ratley.

42. This violated Mr. Ratley's Constitutional right to be free from excessive force and is also a violation of 42 U.S.C. § 1983.

43. As a direct and proximate result of the unconstitutional acts described above, the Plaintiff has been seriously injured.

**AS AND FOR A THIRD CAUSE OF ACTION AGAINST DEFENDANT CIPPERLY**
**Violation of Constitutional Rights Under Color of State Law**
**Failure to Intervene/Failure to Protect**

44. Plaintiff incorporates by reference and realleges each and every allegation as stated in paragraphs 1-43.

45. As heretofore described, Defendant Cipperly stood by and watched as Defendant Comitale tried to arrest Mr. Ratley for no reason, then used excessive force against him.

46. This violated Mr. Ratley's Constitutional rights and is also a violation of 42 U.S.C. § 1983.

47. As a direct and proximate result of the unconstitutional acts described above, the Plaintiff has been seriously injured.

**AS AND FOR A FOURTH CAUSE OF ACTION AGAINST DEFENDANT COMITALE**

### Violation of Constitutional Rights Under Color of State Law
### False Arrest and False Imprisonment

48. Plaintiff incorporates by reference and realleges each and every allegation as stated in paragraphs 1 to 47.

49. As heretofore described, Defendant Comitale knowingly and intentionally arrested Mr. Ratley, then caused him to be imprisoned without probable cause, without legal justification, and on falsified charges.

50. This violated Mr. Ratley's Constitutional right to be free from false arrest and unlawful imprisonment and is also a violation of 42 U.S.C. § 1983.

51. As a direct and proximate result of the unconstitutional acts described above, the Plaintiff has been seriously injured.

### AS AND FOR A FIFTH CAUSE OF ACTION AGAINST DEFENDANT COMITALE
### Violation of Constitutional Rights Under Color of State Law
### Malicious Prosecution

52. Plaintiff incorporates by reference and realleges each and every allegation as stated in paragraphs 1 to 51.

53. As heretofore described, Defendant Comitale knowingly and intentionally caused Mr. Ratley to be prosecuted on several charges, including a felony, without probable cause, without legal justification, and without any reasonable belief of his guilt.

54. This violated Mr. Ratley's Constitutional right to be free from malicious prosecution and is also a violation of 42 U.S.C. § 1983.

55. As a direct and proximate result of the unconstitutional acts described above, the Plaintiff has been seriously injured.

### AS AND FOR A SIXTH CAUSE OF ACTION AGAINST DEFENDANT CITY OF TROY
### Violation of Constitutional Rights Under Color of State Law

**Implementation of Policies that Directly Violate Constitutional Rights/Failure to Implement Policies and Practices to Avoid Violations of Constitutional Rights and Failure to Train/Supervise Employees and Agents**

56. Plaintiff incorporates by reference and realleges each and every allegation as stated in paragraphs 1 to 55.

57. As heretofore described, Defendants Comitale and Cipperly stopped and detained Mr. Ratley for absolutely no reason, then Defendant Comitale arrested and assaulted him as Defendant Cipperly stood by and failed to intervene. Defendant Comitale also caused Mr. Ratley to be prosecuted on charges he knew were false. Defendants took these actions with the knowledge and implicit approval of their supervisors, who signed off on false reports about the incident, and who allowed Mr. Ratley's arrest and prosecution to proceed despite the questionable reports and the fact that the arrest and resulting charges were baseless. As described, incidents like the instant case are part of a larger pattern and practice in the city of Troy Police Department whereby police officers routinely violate the rights of citizens with impunity. Higher-ups in the Department and in the City turn a blind eye to these violations, thereby allowing them to continue.

58. Supervisors either failed to more closely examine the Defendant officers' actions with regard to Mr. Ratley or they turned a blind eye to their violations. They did this despite the fact that serious questions should have been raised in Mr. Ratley's case, particularly in the context of other lawsuits and investigations brought against these Defendants in other incidents.

59. Yet, upon information and belief, the Defendant City of Troy and the City of Troy Police Department failed to more closely supervise or monitor these officers or to provide extra training or take any other remedial or preventative steps to ensure they acted in compliance with the law.

60. Upon information and belief, Defendant City of Troy has also failed to institute and implement appropriate policies at the police department on a variety of subjects including stops and detentions, searches and seizures, the use of force, prosecution, and other areas of importance to the Constitutional rights of citizens.

61. In the alternative, and upon information and belief, the City and police department has instituted policies addressing these topics but through gross negligence has demonstrated deliberate indifference to citizens by failing or refusing to enforce them.

62. Upon information and belief, the City and police department has also failed to adequately hire, screen, and supervise police officers, and to provide adequate training regarding their duties as they relate to the Constitutional rights of citizens.

63. The violations against Mr. Ratley occurred in accordance with these very practices policies, and customs, through the City and the Department's failures to act on information indicating violations were occurring, and through its gross negligence in supervising subordinates, including Defendants Comitale and Cipperly.

64. The actions and inactions of the above-named Defendants violated Mr. Ratley's Constitutional rights and are also a violation of 42 U.S.C. § 1983.

65. As a direct and proximate result of the unconstitutional acts described above, the Plaintiff has been seriously injured.

### AS AND FOR A SEVENTH CAUSE OF ACTION AGAINST DEFENDANTS COMITALE AND CITY OF TROY
### Violation of State Laws
### Malicious Prosecution

66. Plaintiff incorporates by reference and realleges each and every allegation as stated in paragraphs 1 to 65.

67. As heretofore described, Defendant Comitale knowingly and intentionally caused Mr. Ratley to be prosecuted after a false arrest and without probable cause, legal justification, or any reasonable belief of his guilt, and on falsified charges.

68. Defendant City of Troy is vicariously liable for the malicious prosecution because it employed Defendant Comitale at the time he committed these acts.

69. This violated Mr. Ratley's Constitutional right to be free from malicious prosecution and is also a violation of 42 U.S.C. § 1983.

70. As a direct and proximate result of the unconstitutional acts described above, the Plaintiff has been seriously injured.

### AS AND FOR AN EIGHTH CAUSE OF ACTION AGAINST DEFENDANT CITY OF TROY
### Violation of State Laws
### Negligent Hiring/Supervision/Retention

71. Plaintiff incorporates by reference and realleges each and every allegation as stated in paragraphs 1 to 70.

72. Defendant City of Troy is liable for negligent hiring, supervision, and training of its employees, because in hiring and failing to properly supervise and train the individual Defendants who committed the acts described above, Plaintiff's rights were violated and he was seriously injured.

73. As a direct and proximate result of the unlawful acts of the Defendants described above, the Plaintiff has been seriously injured.

### DEMAND FOR PUNITIVE DAMAGES

74. The actions and inactions of the individual Defendants as described were extreme, outrageous, and shock the conscience of a reasonable person and an award of punitive damages is appropriate. Punitive damages are not sought from the municipal Defendants.

## DEMAND FOR TRIAL BY JURY

75. The Plaintiff hereby demands a trial by jury.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff Samuel Ratley requests that this Honorable Court grant him the following relief:

A. A judgment in favor of the Plaintiff against all Defendants for compensatory damages in an amount to be determined by a properly charged jury;

B. A judgment in favor of the Plaintiff against all individual Defendants for punitive damages in an amount to be determined by a properly charged jury;

C. A monetary award for attorney's fees and the costs of this action pursuant to 42 USC § 1988;

D. Any other relief this Court finds to be just, proper, and equitable.

Dated: June 7, 2016
       Albany, New York

Respectfully submitted by:

_____
Jessica M. Gorman
Bar Roll No. 516068
Law Office of Jessica M. Gorman
74 Chapel Street, 2nd Floor
Albany, New York 12207
T: 518-795-5022
F: 518-514-1180
Jmgorman@jmgormanlaw.com

**ATTORNEY FOR THE PLAINTIFF**